**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 12-4502**

---

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

    v.

ELMER KERMIT BROWN, a/k/a Elmo,

               Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   James C. Dever III, Chief District Judge.  (2:11-cr-00035-d-1)

---

Submitted:  January 29, 2013      Decided:  February 7, 2013

---

Before MOTZ, KING, and DAVIS, Circuit Judges.

---

Dismissed in part; affirmed in part by unpublished per curiam opinion.

---

James C. White, Michelle M. Walker, LAW OFFICE OF JAMES C. WHITE, P.C., Chapel Hill, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Denise Walker, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Elmer Kermit Brown seeks to appeal his conviction and sentence for conspiracy to distribute and possess with intent to distribute 280 grams or more of cocaine base and 500 grams or more of cocaine, in violation of 21 U.S.C. § 846 (2006). Brown pleaded guilty pursuant to a written plea agreement and was sentenced to 192 months' imprisonment. On appeal, counsel for Brown filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but questioning whether Brown's guilty plea hearing complied with Fed. R. Crim. P. 11, and whether the district court erred at sentencing by considering conduct described by counsel but not supported by evidence. The Government has moved to dismiss the appeal of the sentence as barred by Brown's waiver of the right to appeal included in the plea agreement. Brown filed a supplemental pro se brief challenging his sentence as arbitrary and unreasonable. We affirm in part and dismiss in part.

In the absence of a motion in the district court to withdraw a guilty plea, this court's review of the plea colloquy is for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Upon review of the plea agreement and the transcript of the plea colloquy, we conclude that the district court performed a thorough colloquy with Brown and complied with

the requirements of Rule 11 when it accepted Brown's guilty plea as knowing and voluntary with an independent basis in fact. Brown knowingly and voluntarily waived his right to appeal his sentence. Accordingly, because Brown knowingly and voluntarily entered into the waiver and the Government now seeks to enforce it, we grant the motion to dismiss in part and dismiss all sentencing issues that a defendant may lawfully waive. As to any remaining issues, we have reviewed the entire record in accordance with Anders and have found no unwaived meritorious issues. We therefore affirm the district court's judgment as to all issues not encompassed by Brown's valid waiver of appellate rights.

This court requires that counsel inform Brown, in writing, of the right to petition the Supreme Court of the United States for further review. If Brown requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Brown. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART

3